# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT OF NORTH CAROLINA

Western Division

Erma Jean Smith-King

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

North Carolina Central University, Mohammad Ahmed, Yolanda VanRiel, David H. Jackson, Jr., Johnson O. Akinleye, Karrie Dixon, each in their individual capacity,

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Erma Jean Smith-King |
| Street Address | 85 Mockingbird Court |
| City and County | Apex ; Chatham County |
| State and Zip Code | North Carolina 27523 |
| Telephone Number | 919 619 7584 |
| E-mail Address | smithkingerma@gmail.com |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 6

**Defendant No. 1**

| | |
|---|---|
| Name | North Carolina Central University |
| Job or Title *(if known)* | University |
| Street Address | 1801 Fayetteville Street |
| City and County | Durham; Durham County |
| State and Zip Code | North Carolina 27707 |
| Telephone Number | (919) 530-6100 |
| E-mail Address *(if known)* | username@nccu.edu - |

**Defendant No. 2**

| | |
|---|---|
| Name | Mohammad Ahmed |
| Job or Title *(if known)* | Dean, College of Health and Sciences |
| Street Address | 1801 Fayetteville Street |
| City and County | Durham, Durham County |
| State and Zip Code | NC  27707 |
| Telephone Number | (919) 530-7573 |
| E-mail Address *(if known)* | mahmed2@nccu.edu |

**Defendant No. 3**

| | |
|---|---|
| Name | Yolanda VanRiel |
| Job or Title *(if known)* | Chair, Department of Nursing |
| Street Address | 1801 Fayetteville Street |
| City and County | Durham, Durham County |
| State and Zip Code | NC 27707 |
| Telephone Number | (919) 530-7232 |
| E-mail Address *(if known)* | yvanriel@nccu.edu |

**Defendant No. 4**

| | |
|---|---|
| Name | David H. Jackson, Jr., Former |
| Job or Title *(if known)* | Provost |
| Street Address | 1801 Fayetteville Street |
| City and County | Durham, Durham County |
| State and Zip Code | North Carolina 27707 |
| Telephone Number | (919) 530-7521 |
| E-mail Address *(if known)* | djackson189@nccu.edu |

**Defendant No. 5:** Dr. Johnson O. Akinleye, former Chancellor;
**Defendant No. 6:** Dr,. Karrie Dixon, Chancellor

### C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | North Carolina Central University |
| Street Address | 1801 Fayetteville Street |
| City and County | Durham, Durham County |
| State and Zip Code | North Carolina 27707 |
| Telephone Number | (919) 530-6100 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑  Other federal law *(specify the federal law)*:

42 U.S.C. 1981 via 1983; 42 U.S.C. 1983 (Due Process, Equal Protection, First Amendment)

☐  Relevant state law *(specify, if known)*:

WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY-North Carolina Common Law

☐  Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.

☑ Termination of my employment.

☑ Failure to promote me.

☐ Failure to accommodate my disability.

☑ Unequal terms and conditions of my employment.

☑ Retaliation.

☑ Other acts *(specify)*: Failure to follow NCCU tenure policies

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

See attachment. As of date of this document, I still have not received a decision from the Chancellor.

C. I believe that defendant(s) *(check one)*:

☑ is/are still committing these acts against me.

☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑ race

☑ color

☑ gender/sex

☐ religion

☑ national origin

☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

See attached.

_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Not applicable
_____

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☐   issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Case 1:26-cv-00320-CCE-LPA   Document 1   Filed 04/06/26   Page 5 of 23

I am entitled to reinstatement, back pay, and to have NCCU comply with its policies in the evaluation of my tenure application I am also entitled to damages for pain and suffering resulting from the delay in making a final decision on my appeal and I am entitled to attorneys fees in pursuing the writing of the wrongs perpetrated upon me by NCCU and the individual defendants I am also entitled to punitive damages in order to deter NCCU from committing the same kind of gross violations of constitutional rights in the future.

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.      For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff    _____

Printed Name of Plaintiff    Erma Jean Smith-King

**B.      For Attorneys**

**Submitted on behalf of plaintiff by the undersigned because the courthouse closed at 4:30pm, too late for Plaintiff to file in person.**

Date of signing:    04/06/2023

Signature of Attorney    /s/ Valerie L. Bateman

Printed Name of Attorney    VALERIE L. BATEMAN

Bar Number    NC 13417

Name of Law Firm    New South Law Firm

Street Address    209 Lloyd St, Ste 350

State and Zip Code    Carrboro, NC 27510

Telephone Number    919810-3139

E-mail Address    valerie@newsouthlawfirm.com

**Section III. E.**

**Attachment to Complaint: Summary of Facts of Case**

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| 2006 | Contributing faculty member beginning in 2006 per VanRiel 2019 Eval |
| 2020.08.12 | Evaluation:<br><br>Dr. Smith-King has been a contributing faculty member since 2006 and served as Department Coordinator beginning 2020. She met most of the agreed upon goals this academic year as she made progress toward tenure. She consistently advised students, taught 13 credit hours each semester and was evaluated highly by three peers. The peers made a recommendation to consider more interactive strategies in the classroom. No student evaluations were submitted. Dr. Smith-King actively participates in departmental functions, departmental committees and professional organizations. Dr. Smith-King has represented the department on university committees and provided visibility in university functions. Her many community contributions provide positive public relations for the DON. Dr. Smith-King is an engaged scholar who is involved in collaborative interdisciplinary translational research. In addition, she received funding for a grant to develop a new clinical site for community health nursing. Recommendation is for Dr. Smith-King to set specific goals on her path to tenure, seek external funding and increase publications. |
| 2021.05.12 | **Evaluation:  Exceeds expectations** |
| 2022.05.19 | **Evaluation:  Exceeds expectations** |

1

| TIMELINE | |
| --- | --- |
| **Date** | **Event Description** |
| 2022.03.15 – first week in April | **External Reviewers solicited**<br><br>The Faculty Handbook Section 3.3.1.1 University-Wide Minimum Requirements for Academic Tenure and Promotion provides as follows:<br><br>B. **External Review:** Faculty making application for promotion and tenure must prepare portfolios for external review by at least two persons from institutions other than NCCU. The purpose of the external review is to allow individuals not affiliated with NCCU to evaluate whether the candidate has fulfilled the applicable university and departmental criteria for tenure and/or promotion. NCCU departmental criteria for tenure and/or promotion must be included in the portfolio sent to the External Reviewers. The External Reviewers must be instructed to evaluate the faculty member's submitted works *based only on the NCCU University, College/School and the candidate's departmental criteria for tenure and/or promotion.* External Reviewers are non-voting members of a review and shall not be included as members of a department's RPT Committee.<br><br>1. **Initiation of the External Review:** The External Review Process (ERP) will begin during the spring semester for faculty submitting portfolios for tenure and/or promotion. For non-tenured faculty, the ERP will begin during the spring semester of the first year of the ultimate three-year contract (see Section 3.3.2, parts (2), (3), and (4) for details about contract lengths, by rank, for tenure-track faculty).<br><br>*By March 15th the names of 5-6 possible External Reviewers along with a short bio of each reviewer must be submitted by the candidate and the department's Reappointment, Tenure and Promotion* |

2

| TIMELINE | |
| --- | --- |
| **Date** | **Event Description** |
| | *Committee (RPT) to the department chair. The RPT committee will make a recommendation of 4 of these names to the chair for contact of which at least 2 will be selected for the review.*<br><br>The Office of the Provost will provide university-wide criteria for the selection of External Reviewers. By March 30th the department chair, in consultation with the RPT committee, will select 2 to 3 reviewers from the submitted lists.<br><br>During the first week in April the department chair is to contact the potential External Reviewers to request their participation in the EPR. The department chair must continue to contact potential reviewers until the minimum number of reviewers has agreed to participate. |
| 2022.04.20 – 05.10 | **Tenure applicant submits portfolio to department chair.**<br><br>The Faculty Handbook (2017) Section **3.3.1.1 University-Wide Minimum Requirements for Academic Tenure and Promotion** subsection B.2 provides:<br><br>2. **Submission of Portfolio**: Between April 20th and May 10th the faculty member must submit to the department chair copies of her/his portfolio for promotion and/or tenure to be sent to the External Reviewers. The portfolio may be submitted via electronic format following the guidelines established by the Office of the Provost. |
| 2022.05.15 | **External review letters solicited by Dept Chair Von Riel** |

3

## TIMELINE

| Date | Event Description |
|---|---|
| | The Faculty Handbook (2017) Section **3.3.1.1 University-Wide Minimum Requirements for Academic Tenure and Promotion** subsection B.3 provides:<br><br>3. <u>**External Review of Candidate's Portfolio:**</u> By May 15th the department chair will send the portfolios to the External Reviewers with instructions on how to conduct the reviews. A form letter, developed by the Office of the Provost, will be used by all departments to ensure conformity of instructions to External Reviewers. |
| 2022.06.29 | <span style="color:red">Plaintiff received her **only** Annual Progress Toward Tenure from Dept Chair Van Riel (4 with 5 being highest) and Sheronda Robinson (4 with 5 being highest)</span><br><br><span style="color:red">Evaluation reflecting strong performance ratings across teaching, research, and service.</span><br><br><span style="color:red">Teaching Effectiveness/Advising (60% effort), Research/Scholarly/Creative Activities (30%) and University/Public/Community Service (10%) were the categories assessed. The ratings were all 4 (very good) by Dr. VanRiel and there was consistency in the ratings by Dr. Robinson with the exception of 5 {excellent) in one category, University/Public/ Community Service.</span><br><br>The Faculty Handbook Section  3.3.1.0 (Faculty Appointments) subsection 9 provides the following:<br><br>*9. **Progress Toward Tenure Letters** <u>**Each Spring semester**</u>, the unit RPT Committee and unit administrator will review the annual reports of each probationary term faculty member. On the basis of this review, the unit administrator, in consultation with the unit RPT Committee, will write a progress toward tenure letter to each probationary term faculty member.* |

4

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | *This letter will address the candidate's cumulative accomplishments to date as well as the unit administrator's and tenure committee's ongoing expectations of the candidate. In the event the unit Committee and the unit administrator cannot agree on the contents of the letter, the next higher administrator shall confer jointly with the unit Committee and unit administrator, determine at his or her discretion the content of the letter, and prepare the progress toward tenure letter. Copies of the progress toward tenure letter will be placed in the faculty member's personnel file, and a copy will be sent to the unit Committee and to the next higher administrative level. The unit administrator and a representative of the unit Committee will discuss the progress toward tenure letter with the faculty member. In the event that the faculty member disagrees with the contents of the progress toward tenure letter, it is the responsibility of the faculty member to make this disagreement known in writing addressed to the unit administrator for inclusion in the personnel file. Copies of this letter will be placed in the faculty member's personnel file, and a copy will be sent to the unit RPT Committee and to the next higher administrative level.*<br><br><span style="color:red">I did not receive the annual progress towards tenure letters to which I was entitled under the policy.</span> |
| 2022.08.10 | External reviews due to department chair |
| 2022.09.18 | **Deadline for submission of promotion and tenure portfolio (11:59 PM).** |
| | The Faculty Handbook (2017) Section 3.3.1.1 provides that<br><br>Promotion and conferral of permanent tenure shall be based on the faculty member's *demonstrated professional competence in teaching, research and creative activity*, and service; a *potential for future contributions*; and the institution's needs and resources. The faculty member will be considered for tenure **based** |

5

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | **upon his or her body of work, neither teaching nor research nor creative activity nor service is the sole measure of a faculty member's competence and contribution**. Permanent tenure is independent of promotion.<br><br>A. **Minimum criteria for tenure and promotion:** Faculty members must fulfill the following university-wide minimum criteria for tenure and promotion:<br>1. **Teaching:** Faculty must receive a favorable evaluation from their department. The department will consider, among other things, the Student Ratings of Instruction (SRI) evaluations, peer evaluations, and annual reviews.<br>2. **Research**: The quality of the scholarly works within an academic discipline, or across disciplines that faculty produce should be based on the standards of the profession as determined by the community of scholars and determined by the faculty member's department with the expertise and training to establish these standards.<br>3. **Service**: Faculty must engage in service beyond departmental committee work. Service may advance the mission of NCCU or the profession. Faculty can fulfill service requirements through: (1) NCCU at the College and/or University levels; (2) their academic discipline at the state, national, and/or global levels; and (3) the community. |
| 2022.09.19–<br>2022.10.09 | Department-level review of Plaintiff's tenure portfolio conducted.<br><br>**Plaintiff was not provided written notice of completion** |

6

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | **of review as required by policy.**<br><br>**3.3.3.3 Notification of Status of Review**<br>*Upon completion of each step of the review (department chair, dean, Provost) the faculty member will be notified in writing, via a notification letter, when the review of the portfolio has been completed at that particular level. Faculty will be notified in writing of completion of review at each level e.g., department, college, and Provost. The Provost or Chancellor will notify faculty of the final decision.*<br><br><span style="color:red">**Plaintiff was not provided written notice of completion of review as required by policy.**</span> |
| 2022.10.10–<br>2022.10.31 | College/school-level review of Plaintiff's tenure portfolio conducted.<br><br>**3.3.3.3 Notification of Status of Review**<br>*Upon completion of each step of the review (department chair, dean, Provost) the faculty member will be notified in writing, via a notification letter, when the review of the portfolio has been completed at that particular level. Faculty will be notified in writing of completion of review at each level e.g., department, college, and Provost. The Provost or Chancellor will notify faculty of the final decision.*<br><br><span style="color:red">**Plaintiff was not provided written notice of completion of review as required by policy.**</span> |
| 2022.11.01–<br>2022.12.04 | University Faculty Portfolio Review Committee (UFPRC) reviewed Plaintiff's portfolio.<br><br>**3.3.3.3 Notification of Status of Review**<br>*Upon completion of each step of the review (department chair, dean, Provost) the faculty member will be notified in writing, via a notification letter, when the review of the portfolio has been completed at that particular level.* |

7

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | *Faculty will be notified in writing of completion of review at each level e.g., ==department, college, and Provost==. The Provost or Chancellor will notify faculty of the final decision.*<br><br>**Plaintiff was not provided written notice of completion of review as required by policy.** |
| 2022.11.07 | The dean of the college misrepresented the recommendations of the external reviewers of my portfolio and mischaracterized my scholarly work and leadership in a letter to the Provost. |
| 2022.12.05–<br>2022.12.16 | UFPRC issued report.<br><br>**3.3.3.3 Notification of Status of Review**<br>*Upon completion of each step of the review (department chair, dean, Provost) the faculty member will be notified in writing, via a notification letter, when the review of the portfolio has been completed at that particular level. Faculty will be notified in writing of completion of review at each level e.g., department, college, and Provost. The Provost or Chancellor will notify faculty of the final decision.*<br><br>**Plaintiff was not provided written notice of completion of review as required by policy.** |
| 2022.12.19–<br>2022.12.22 | Provost submitted recommendations regarding Plaintiff's promotion to the Chancellor.<br><br>*3.3.3.3 Notification of Status of Review*<br>*Upon completion of each step of the review (department chair, dean, Provost) the faculty member will be notified in writing, via a notification letter, when the review of the portfolio has been completed at that particular level. Faculty will be notified in writing of completion of review at each level e.g., ==department, college, and==* |

8

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | *Provost.* The Provost or Chancellor will notify faculty of the final decision.<br><br>**Plaintiff was not provided written notice of completion of review as required by policy.** |
| 2023.01.01– 2023.02.28 | Board of Trustees conducted review of promotion and tenure decisions. |
| 2023.03.01– 2023.04.30 | Chancellor submitted recommendations to the Board of Governors regarding promotion decisions. |
| 2023.02.01 | Email notification of the suspension of Dr, Sujayalakshmi Devarayasamudram suspended from teaching and faculty roles for Spring semester 2023<br><br>**From:** Carthron, Dana <dcarthro@NCCU.EDU><br>**Sent:** Wednesday, February 1, 2023 12:50 PM<br>**To:** Smith-King, Erma J <esmithking@NCCU.EDU><br>Cc: VanRiel, Yolanda <yvanriel@NCCU.EDU><br>**Subject:** Psych Mental Health Updates<br><br>Good afternoon Dr. Smith-King,<br>I wanted to update you regarding ACL Psych/Mental Health course which, unfortunately impacts the traditional group. ***With the full support of Dr. Van Riel, Dr. Sujaya was removed from the course and suspended from her faculty roles for the remainder of the semester.*** Based on this change, she is unable to serve as clinical coordinator for both ACL and traditional groups. I am fine with serving in this role as it is last minute . However, if you would like to take over the clinical coordinator role for the traditional course, I fully understand as I do not want to overstep.<br><br>Sincerely,<br><br>Dana L. Carthron, PhD, RN, AGACNP-BC<br>Clinical Assistant Professor<br>Accelerated Bachelor of Science Coordinator |

9

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | **Note: Dr. Sujay was awarded tenure despite being suspended for the semester. I was copied on the suspension letter because my workload and other responsibilities were increased because some of her classes were in the Family Health Team that I coordinated.** |
| 2023.04.06 | **Plaintiff received a letter from the Provost denying promotion from Assistant Professor to Associate Professor; no prior written stage notifications had been provided.** <br><br> *3.5.1.1 The decision not to reappoint a faculty member at the expiration of a fixed term of service shall be made by the appropriate institutional faculty and administrative officers early enough to permit timely notice to be given. For full-time faculty at the rank of instructor, assistant professor, associate professor, or professor, the minimum requirement for timely notice shall be as follows:* <br> *a. during the first year of service at the institution, the faculty member shall be given not less than 90 calendar days' notice before the employment agreement expires; and* <br> *b. during the second year of continuous service at the institution, the faculty member shall be given not less than 180 calendar days' notice before the employment agreement expires; and* <br> *c. after two or more years of continuous service at the institution, the faculty member shall be given not less than 12 months' notice before the employment agreement expires.* <br><br> **The letter did not give Plaintiff a reason for the denial of tenure. If the Dean's letter indicating that Plaintiff** |

10

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | **lacked** |
| 2023.04.17 | **Plaintiff appealed denial of tenure.** |
| 2023.04.28 | **Hearing scheduled but cancelled due to lack of quorum.** |
| 2023.05.03 | **Hearing scheduled but cancelled due to lack of quorum.** |
| 2023.05.09 | 2023.05.09 Memo from Chair of RTP Appeal Committee Timothy Seigler re cancelled hearings and rescheduled hearings |
| 2023.05.10 | **Hearing scheduled but cancelled due to "request for records."** |
| 2023.06.26 | Email from T. Jones re teaching load assigned for fall and spring for academic year 2023-2024.<br><br>Fall 2023<br>RN- BSN Special Health Care Problems (October 11-December 7)<br>ACL Adult Health II Capstone Facilitator<br><br>Spring 2024<br>RN-BSN Community Health Nursing<br>ACL Community Clinical<br>Traditional Community Clinical |
| 2023.07.14 | Emails regarding scheduling 08.22.2023 appeals hearing. |
| 2023.08.14 | **Academic term began; Plaintiff actively teaching assigned courses.** |
| 2023.08.22 | **Plaintiff participated in formal appeal hearing**<br><br>The Dean misrepresented the supporting documents from the external reviewers.<br><br>The Dean also misrepresented my leadership, service and scholarship.<br><br>According to the **Dean (Dr. Ahmed)** in the hearing, Smith- |

11

| TIMELINE | |
|---|---|
| **Date** | **Event Description** |
| | King was denied tenure primarily due to **insufficient scholarly productivity**, especially in publications.<br><br>**The Dean represented that it was required for all tenure applicants to meet publication requirements**<br>• The tenure guidelines **required a specific number of peer-reviewed publications** (e.g., about three manuscripts, including one as first author).<br>• The Dean stated she **did not meet these required publication thresholds**.<br><br>**Decision focused on one area, not all**<br>• The Dean acknowledged:<br>   ○ Smith-King was **strong in teaching and service**<br>   ○ But tenure requires meeting **minimum standards in all areas**, including scholarship<br><br><span style="color:red">**In fact, the Dean was aware of and had participated in the granting of tenure to Dr. Sujaya, who was of a different national origin, race, and color from Dr. Smith-King, when he approved her promotion and tenure application even though she had been suspended from teaching and from her faculty position the spring semester of 2023.**</span> |
| 2023.08.22<br>10:16pm | Email from Plaintiff to Appeals committee providing a copy of DON Promotion, Tenure and Reappointment Criteria post appeals hearing. |
| 2023.08.27 | <span style="color:red">**Dept Chair Van Riel removed Plaintiff from teaching assignments and reassigned to accreditation duties under directive authority in retaliation for participating in tenure appeals hearing and pointing out deficiencies in process.**</span> |
| 2023.09.18–<br>2023.11.18 | <span style="color:red">Plaintiff placed on FMLA leave due to stress, anxiety, and related medical conditions caused by workplace environment.</span> |

12

| TIMELINE | |
| --- | --- |
| **Date** | **Event Description** |
| 2023.08.22–Present | **Despite inquiries, Plaintiff has received no final decision; informed that Chancellor's decision remains pending.**<br><br>*3.5.3.3 Procedure after Hearing*<br>*The Faculty Reappointment and Tenure Appeal Committee will make a recommendation to the Chancellor, with copies to the faculty member, department chair or dean and Provost, within 14 calendar days following the hearing or receipt of the hearing transcript, whichever is later. The Committee's recommendation shall state whether or not the evidence presented at the hearing supported the faculty member's contention(s). If the evidence did not support the faculty member's contention, the Committee shall recommend to the Chancellor that no further substantive review be had regarding the faculty member's contention. If the evidence does support the faculty member's contention, then the Committee shall recommend what further substantive review, including recommended corrective action, should be had of the faculty member's contention. The Committee shall submit a report to the Chancellor in support of its recommendation that includes: (1) information regarding date the request was received and the calendaring of the hearing; (2) summary of the hearing for both the faculty member's case and the department chair's case (if applicable); (3) official transcripts of the hearing; and (4) findings of fact and recommendations of the Committee. The Committee shall also compile an official record of the proceedings.* |
| June 2024 | Last day of employment at NCCU;  no decision on appeal of tenure denial. |

13

| PROCEDURAL FAILURES (noncompliance with policies) | |
|---|---|
| **Policy Source** | **Noncompliance** |
| The Faculty Handbook<br><br>Section 3.5.2 | The Faculty Handbook states in 3.5.2 that discrimination and personal malice are impermissible reasons to not reappoint a faculty member.<br><br>**3.5.2 Impermissible Reasons for Non-reappointment**<br>In no event shall a decision not to reappoint a faculty member be based upon (a) a faculty member's exercise of rights guaranteed by either the First Amendment to the United States Constitution or by Article I of the North Carolina Constitution, or (b) the faculty member's race, color, religion, sex, sexual orientation, gender identity, national origin, age, disability, genetic information, or veteran status, or other forms of discrimination prohibited under policies adopted by the Board of Trustees, or (c) personal malice. For purposes of this section, the term "personal malice" means dislike, animosity, ill-will, or hatred based on personal characteristics, traits or circumstances of an individual. See The UNC Policy Manual, Policy 101.3.1 II.B for details.<br><br>Section 3.3.1.0 (Faculty Appointments) subsection 4 (Terms and Conditions for Appointment and Reappointment) states:<br><br>    Notice of reappointment or non-reappointment to probationary-term persons shall be written. The decision not to reappoint probationary term faculty shall not be based upon (1) the faculty member's exercise of rights guaranteed by either the First Amendment to the United States |

14

| PROCEDURAL FAILURES (noncompliance with policies) | |
|---|---|
| **Policy Source** | **Noncompliance** |
| | Constitution or Article I of the North Carolina Constitution; (2) discrimination based upon the faculty member's race, color, religion, sex, sexual orientation, gender identity, national origin, age, disability, genetic information, or veteran status; or (3) personal malice.<br><br>Section 3.3.1.0 (Faculty Appointments) subsection 5 Notice of Reappointment or Non Reappointment. (UNC Code 604)) provides:<br><br>(c) After two or more years of continuous service at North Carolina Central University, the faculty member shall be given not less no fewer than 12 months' notice before the employment contract expires.<br><br>Notice of reappointment or non-reappointment shall be written. If the decision is not to reappoint, then failure to give timely notice of non-reappointment will oblige the chancellor thereafter to offer a terminal appointment of one academic year. |
| NCCU Faculty Handbook (2017):<br><br>Section 3.3.1.0(A)(4)–(5)) | **Written Notice & Communication**<br><br>• Decisions (reappointment, tenure, promotion) must be in writing<br><br>• Faculty must receive timely notice at each stage |

15

Case 1:26-cv-00320-CCE-LPA    Document 1    Filed 04/06/26    Page 21 of 23

| PROCEDURAL FAILURES (noncompliance with policies) | |
|---|---|
| **Policy Source** | **Noncompliance** |
| | • Failure results in a mandatory terminal appointment Plaintiff was denied |
| NCCU Faculty Handbook (2017):<br><br>(Section 3.3.3.1 structure) | Tenure/promotion decisions require:<br><br>1. Department review<br>2. College/school review<br>3. University committee review (UFPRC)<br>4. Provost recommendation<br>5. Chancellor decision<br>6. Board-level involvement<br>7. Each stage must actually occur<br>8. Each stage must generate review and evaluation<br>9. Outcomes must be communicated and documented<br>10. The process must be transparent and reviewable<br>11. The final decision must reflect the completed chain<br><br>• Plaintiff was never given written outcomes from:<br><br> o Department review<br><br> o College review<br><br> o UFPRC<br><br>A multi-level process is meaningless unless:<br><br>• Each level produces a recorded decision or recommendation<br><br>The absence of documented intermediate decisions demonstrates that the required multi-level review process was not meaningfully conducted. |

16

| PROCEDURAL FAILURES (noncompliance with policies) | |
|---|---|
| **Policy Source** | **Noncompliance** |
| | |
| NCCU Faculty Handbook (2017):<br><br>(Sections 3.5.2, 3.8) | • Decisions cannot be based on:<br>   ○ discrimination<br>   ○ bad faith<br>   ○ improper factors<br>• Faculty are entitled to fair and accurate evaluation |

17

Case 1:26-cv-00320-CCE-LPA   Document 1   Filed 04/06/26   Page 23 of 23